UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVALL TILFORD LEE,

       Petitioner,

v.

       CASE NO. 2:14-CV-11613
       HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS**

I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Lavall Tilford Lee ("Petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan when he filed his habeas petition, challenges a prison disciplinary proceeding arising from an incident that occurred while he was confined at the Federal Correctional Institution in Oxford, Wisconsin in 2013. During that proceeding, Petitioner was found guilty of attempted possession of a hazardous tool (a cellphone) and sanctioned with a loss of 41 days of good time credits, 15 days of disciplinary segregation, a one-year loss of commissary privileges, a six-month loss of

telephone privileges, and a six-month loss of visiting privileges. Petitioner exhausted his administrative remedies and then instituted this action.

In his pleadings, Petitioner asserts that his due process rights were violated during the disciplinary hearing and seeks reversal of the disciplinary decision and resulting sanctions. Respondent filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has since been released from federal custody. Consequently, and for the reasons stated herein, the Court finds that this case has been rendered moot and dismisses the habeas petition.

II.  Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th

Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As noted, Petitioner has been released from federal custody. The Bureau of Prisons Inmate Locator database reveals that Petitioner was released from federal custody on February 26, 2016. *See* BOP Prisoner Locator, http://www.bop.gov/inmateloc/Lavall Tilford Lee. Because Petitioner has been released from custody, the Court cannot grant him further relief on the claims contained in his pleadings. The present case is therefore moot and the habeas petition must be dismissed on that basis.

III.  Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter.  The case has been rendered moot.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.  This case is closed.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  March 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager